UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| DOMINGA CABRERA-PEREZ, : | |
| Petitioner, : | Civil Action No. 05-0306 (JAP) |
| v. : | **ORDER** |
| BOARD OF IMMIGRATION APPEALS, : et al., | |
| Respondents. : | |

This matter having come before the Court on the Petition of Dominga Cabrera-Perez, Alien Number A44-040-186, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241; and the Petition having been pending on May 11, 2005, the effective date of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005); and the Court having ordered the parties to show cause why the Petition should not be transferred pursuant to the REAL ID Act,

And Petitioner having responded with additional arguments in support of the Petition, but not objecting to transfer;

And Respondents having responded that they believe transfer is appropriate;

And it appearing that:

1. The Petition challenges a final administrative order of removal. The immigration judge completed the proceedings at Newark, New Jersey.

2. Pursuant to Section 106(c) of the REAL ID Act of 2005, if an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act [(8 U.S.C. § 1252(b)(2))], as amended by this section ... . The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section ..., except that subsection (b)(1) [30-day time limit] of such section shall not apply.

The venue provision referenced by § 106(c), 8 U.S.C. § 1252(b)(2), provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."

It is, therefore, on this 9th day of August, 2005,

ORDERED that the Clerk of the Court shall transfer the Petition to the U.S. Court of Appeals for the Third Circuit.

_____
Joel A. Pisano
United States District Judge

2